S. G. W. STEVENS v. THE BOARD OF COUNTY COM-
MISSIONERS OF MIAMI COUNTY.

No. 223.

TOWNSHIP TRUSTEE—*has discretion to determine whether aid
shall be extended to indigent person found in his township.*
The discretion to determine whether or not a sick and indigent
person found within a county where such person has no legal set-
tlement can be safely and properly sent to the county where such
settlement exists, rests with the trustee of the township as over-
seer of the poor, and the county becomes bound for services ren-
dered upon an order of the overseer of the poor in a case in which
he has, upon investigation and inquiry, determined that aid ought
to be extended to the indigent person so found within his townshp.

Error from Miami District Court.  Hon. John T.
Burris, Judge.  Opinion filed July 31, 1897.  *Reversed.*

*John C. Sheridan*, for plaintiff in error.

*W. H. Browne* and *S. J. Shively*, for defendant in
error.

MILTON, J.  This action was tried in the court be-
low on an agreed statement of facts and resulted in a
judgment in favor of the defendant County for costs.
The principal facts are these : One Elizabeth Mays,
who lived in Johnson County, while traveling in a
wagon on a public road on the line between John-
son and Miami counties, was thrown violently to the
ground on the Johnson County side of the road and
seriously shocked, bruised, and injured.  She was on
her way to visit her daughter, Mrs. Winkler, who
lived in Miami County, about three miles from the
point where the accident occurred.  Mrs. Mays re-
quested that she be taken to her daughter's house,
and she was taken there very soon after she was hurt,
although some of the bystanders wanted to remove

STEVENS v. MIAMI COUNTY.                    439

July 31, 1897.          Opinion.   Milton, J.              E. Div.

her to a hotel in Spring Hill, in Johnson County, less than half a mile away, or to her home three miles distant. Doctor Stevens, the plaintiff, was at once called, and he attended her from that date until she was able to return home.

Immediately after the injury, the trustee of Spring Hill Township in Johnson County, and the trustee of Ten Mile Township in Miami County, held a conference regarding the care and treatment required to be extended to Mrs. Mays, and decided that the trustee of the latter township had jurisdiction of the case. Accordingly he ordered the medical treatment and services for which this action was subsequently brought, but this order was actually made a day or two after the accident and after the doctor had dressed the wounds and set the broken bones of the injured woman. The said trustee thereafter approved of all the services rendered by the doctor from the date of the injury. Plaintiff filed no claim against Johnson County, but the Commissioners of Miami County requested the Commissioners of Johnson County to pay the claim in question. This they refused to do. The services rendered by Doctor Stevens were such as the case required, and the amount asked for was agreed to be the proper amount if he was entitled to any recovery. Doctor Stevens lived in Spring Hill Township, and had authority from the Board of Commissioners of Johnson County to treat patients in that township under orders of the trustee thereof. It was specifically agreed to be a fact that " he was ordered to render the services rendered in this case by the trustee of Ten Mile Township." The trial court made the following findings, upon which the judgment was based : " The court    .    .    .    does find, that the said Elizabeth Mays, at the time of her injury and during

440     STEVENS v. MIAMI COUNTY.

S. Dept.          Opinion.   Milton, J.          6 Kan. App.

the time the care, services and treatment were furnished and extended to her by the plaintiff as herein claimed, was a resident of Spring Hill Township, in Johnson County, Kansas, and had a legal settlement therein, and because of such fact this defendant is not liable."

It appears that the court regarded paragraph 4031 of the General Statutes of 1889 as controlling, and no doubt considered that since Mrs. Mays ought not to have been taken to Miami County, the latter County was not liable to plaintiff for services rendered to her. Three other paragraphs in this chapter require examination. Paragraph 4038 provides that if any one within the description of a poor person specified in said chapter shall be found in any township, and the overseer of the poor of such township shall be unable to ascertain the last place of legal settlement of such person, the overseer may in his discretion provide for such person in the same manner as other persons are directed to be provided for.

Paragraph 4040 provides for the removal of a person likely to become a public charge from a township where he has no legal settlement to the place where he belongs, upon complaint by the overseer of the poor. But this section contains a limitation in the following words : " If the same can be conveniently done ; but if he or she cannot be so removed, such person shall be relieved by said overseers, whenever such relief is needed." Paragraph 4050 makes it the duty of the overseer of the poor, on complaint being made that any person, not an inhabitant of his township, is lying sick therein or in such condition that he or she is likely to suffer, to examine into the case of such person and grant such temporary relief as the nature of the same may require.

It appears from the foregoing that our poor laws are comprehensive in their scope and that they confer considerable authority and discretion upon the overseers of the poor.  Cases frequently arise where a poor person is sent to his proper county ; but if he is sick or severely injured it cannot well be done.  The law has provided for such persons, and we think the case at bar is one of the exceptional cases.  It is true that, simply because she so requested, Mrs. Mays ought not to have been taken into Miami County to be cared for at its expense, but it is a matter of no importance that she was taken there at her own request.  The important fact is, that the trustee of Ten Mile Township found her in his township, and it is very likely that she was then in such a condition that humane considerations influenced him to decide against her removal.  The presumption that public officers perform their duties to the best of their abilities, runs just as strongly in favor of a township trustee as in the case of a county commissioner.  If the injured woman could not be removed from the place where he found her, she had to be cared for there under his directions. He had that duty under the law.  The responsibility of determining the matter rested with him.  He concluded that she must be cared for under his orders. We think there was ample authority for the action of the trustee of Ten Mile Township, in the section of the law we have cited.  The services having been rendered under his orders, the County became liable therefor.  The trial court erred, therefore, in rendering judgment for the defendant.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.